# EXHIBIT 1



AlaFile E-Notice

70-CV-2015-900044.00

To: HOME DEPOT U.S.A., INC.
150 SOUTH PERRY ST.
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

WILLIAM WALDING V. HOME DEPOT U.S.A., INC.
70-CV-2015-900044.00

The following complaint was FILED on 5/14/2015 7:36:52 AM

Notice Date:   5/14/2015 7:36:52 AM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
395 LEE STREET
ALEXANDER CITY, AL 35010

256-234-4361
patrick.craddock@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>70-CV-201<br>Date of Filing:<br>05/14/2015 |  |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF TALLAPOOSA COUNTY, ALABAMA**
**WILLIAM WALDING v. HOME DEPOT U.S.A., INC.**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  LAW036     5/14/2015 7:36:12 AM     /s/ JOHN DAVID LAWRENCE

**MEDIATION REQUESTED:**  ☐ Yes  ☐ No  ☑ Undecided

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>**70-CV-2015-900044.00** |
|---|---|---|

### IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
### WILLIAM WALDING V. HOME DEPOT U.S.A., INC.

**NOTICE TO** HOME DEPOT U.S.A., INC., 150 SOUTH PERRY ST., MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN DAVID LAWRENCE

WHOSE ADDRESS IS 2025 Third Avenue N, Suite 400, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   **WILLIAM WALDING**
pursuant to the Alabama Rules of the Civil Procedure

Date  5/14/2015 7:36:52 AM      /s/ PATRICK CRADDOCK
                                Clerk/Register
                                395 LEE STREET
                                ALEXANDER CITY, AL 35010

| ☑ Certified Mail is hereby requested | /s/ JOHN DAVID LAWRENCE |
|---|---|
|  | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____ (Date)

_____            _____            _____
Date                      Server's Signature         Address of Server

_____            _____
Type of Server            Server's Printed Name

                          _____
                          Phone Number of Server



## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

WILLIAM WALDING,                 )
                                 )
    Plaintiff,                   )
                                 )          Civil Action No.
V.                               )
                                 )

HOME DEPOT U.S.A., INC., a business; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action the party Defendant which the Plaintiff must include by descriptive characterization are as follows:

Defendant A, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

Defendant B, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

Defendant C, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

Defendant D, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

Defendant E, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

Defendant F, whether singular or plural, that person or persons, entity or those entities who or which created and/or maintained the defect on the premises involved in the occurrence made the basis of this suit;

Defendant G, whether singular or plural, that person or persons, entity or those entities who or which had responsibility for the inspection of the defect and/or instrumentality on the premises involved in the occurrence made the basis of this suit;

Defendant H, whether singular or plural, that person or persons, entity or those entities who or which conducted safety inspections at or with reference to the site of the involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;

Defendant I, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any

safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

Defendant J, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

Defendant K, whether singular or plural, that entity or those entities, other than those entities described above, whose negligent, willful, wanton, intentional, or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of plaintiff's complaint;

Defendant L, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described above. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

**Defendants.**

## COMPLAINT

1. 1. Plaintiff, William Walding, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2. 2. Defendant, Home Depot U.S.A., Inc., is a firm, partnership, or corporation doing business in Tallapoosa County, Alabama.

## COUNT I

3. Plaintiff re-adopts and re-alleges paragraphs 1 through 2 above as if set out fully herein.

4. On or about January 2, 2015, Plaintiff William Walding was a business invitee on the premises of Defendant located in Tallapoosa County, Alabama.

5. On the said date and at said place, Plaintiff was caused to slip and fall thereby causing him serious personal injuries.

6. The Plaintiff further alleges that on the said date and at said place, the Defendant and those designated fictitious parties negligently maintained the area where the Plaintiff was

injured and negligently failed to insure a safe and hazard-free premises in the areas where the Plaintiff was injured.

7. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, had a duty to provide a safe, secure and hazard-free establishment for patrons on said premises.

8. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent or wanton in their maintenance of the area where the Plaintiff fell and that the Defendants negligently or wantonly rendered said area a hazard, causing and/or allowing otherwise dangerous conditions for individuals, including the Plaintiff.

9. Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, negligently or wantonly caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff or other members of the public about such dangers.

10. The Plaintiff further alleges that, as a direct and proximate result of a aforesaid negligence and/or wantonness on the part of the Defendants, whether named or fictitious party Defendants, the Plaintiff William Walding was proximately caused to suffer the following injuries and damages:

    (a) he was caused to suffer physical pain and mental anguish;

    (b) he was caused to seek medical treatment and was prevented from going about his normal activities;

    (c) he was permanently injured;

    (d) he was caused to incur medical expenses to treat and cure his injuries;

    (e) he was caused to lose time from work and caused to suffer a loss of earned income;

    (f) he was caused to suffer mental anguish and emotional distress;

(g)   he was caused to be injured and damaged, all to his detriment.

11.   The Plaintiff avers that on said occasions, the negligence or wantonness of all Defendants, whether named or fictitious parties, combined and concurred, caused the Plaintiff to be injured and damages as set forth herein.

## COUNT II

12.   Plaintiff hereby incorporates the allegations contained in each of the above paragraphs as if fully set out herein.

13.   Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants A through L, combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I** above. Defendants A through L, whose current names and identities are unknown to the Plaintiff at the present time, will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party defendants, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above referenced-described damages, together with interest from the date of the incident, attorneys' fees, and the cost of proceeding. The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount, which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

/s/John David Lawrence
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

s/Kenneth E. Riley
KENNETH E. RILEY (RIL015)
Attorney for Plaintiff

OF COUNSEL:

**FARRIS, RILEY & PITT, LLP**
The Financial Center, Suite 1700
505 20th Street North
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
kriley@frplegal.com
jlawrence@frplegal.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ John David Lawrence
OF COUNSEL

/s/ Kenneth E. Riley
OF COUNSEL

**SERVE DEFENDANT BY CERTIFIED MAIL:**

Home Depot U.S.A., Inc.
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry St.
Montgomery, AL 36104



AFTER 5 DAYS RETURN TO
PATRICK CRADDOCK, CIRCUIT CLERK
5TH JUDICIAL CIRCUIT
BOX 189
ALEXANDER CITY, ALABAMA 35011



CERTIFIED MAIL

7012 3050 0000 6369 2907



neopost
05/22/2015
US POSTAGE $14.95

ZIP 35010
041L10227757