**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2015 JUN 23 P 2: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM WALDING,

      Plaintiff,

vs.

CIVIL ACTION 3:15-cv-447-WHA

FILE NO. _____

(Jury Trial Demanded)

HOME DEPOT U.S.A, INC., a business; there may be other entities whose true names and identities are unknown to Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action the party Defendant which the Plaintiff must include by descriptive characterization are as follows:

Defendant A, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;
Defendant B, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;
Defendant C, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;
Defendant D, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;
Defendant E, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the

1

basis of this lawsuit at the time of said occurrence;

Defendant F, whether singular or plural, that person or persons, entity or those entities who or which created and/or maintained the defect on the premises involved in the occurrence made the basis of this suit;

Defendant G, whether singular or plural, that person or persons, entity or those entities who or which had responsibility for the inspection of the defect and/or instrumentality on the premises involved in the occurrence made the basis of this suit;

Defendant H, whether singular or plural, that person or persons, entity or those entities who or which conducted safety inspections at or with reference to the site of the involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;

Defendant I, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

Defendant J, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

Defendant K, whether singular or plural, that entity or those entities, other than those entities described above, whose negligent, willful, wanton, intentional, or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of plaintiff's complaint;

Defendant L, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described above. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT
## BY THE DEFENDANT, HOME DEPOT U.S.A., INC.

Comes now the Defendant, Home Depot U.S.A., Inc., ("Home Depot") and

answers and responds to the Plaintiff's Complaint as follows:

Home Depot responds to the identically number paragraphs of the Plaintiff's

Complaint as follows:

## COMPLAINT

1.

Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 1 and thus can neither admit nor deny

them.

2.

The allegations contained in Paragraph 2 are admitted.

## COUNT I

3.

Defendant incorporates its defenses and responses to Paragraph 1 through 2

as if set out verbatim herein.

4.

Defendant is without knowledge or information sufficient to admit or deny

the allegations of Paragraph 4, therefore all allegations are denied.

5.

Responding to Paragraph 5, Defendant denies the allegations of Paragraph 5

as stated, and also denies that the alleged fall and the injuries alleged in Paragraph

5 were caused by any negligent act or omission on the part of this Defendant.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied, as stated.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

## COUNT II

12.

Defendant incorporates its defenses and responses to Paragraph 1 through 11 as if set out verbatim herein.

13.

Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 13, therefore all allegations are denied.

4

14.

Any paragraph or subpart of Plaintiff's Complaint not heretofore responded to is hereby denied.

15.

Defendant denies the paragraph beginning with "Wherefore" and all subparts thereof, and denies that Plaintiff is entitled to any of the relief sought therein.

Wherefore, having fully answered Plaintiff's Complaint, Defendant prays that it be discharged without liability.

Home Depot also asserts the following defenses in answer to Plaintiff's Complaint:

**FIRST DEFENSE**

Home Depot denies each and every material allegation of the Complaint against it and demands strict proof thereof.

**SECOND DEFENSE**

Home Depot denies that it is guilty of any wrongful or negligent conduct that proximately caused Plaintiff's injury or damage.

**THIRD DEFENSE**

The Plaintiff's Complaint fails to state a claim against Home Depot upon which relief can be granted.

## FOURTH DEFENSE

Home Depot pleads lack of notice of any condition that allegedly proximately caused the Plaintiff's injuries and damages.

## FIFTH DEFENSE

Home Depot pleads that the Plaintiff was potentially guilty of negligence that proximately caused or contributed to his own injuries and damages.

## SIXTH DEFENSE

Home Depot pleads that the Plaintiff potentially assumed certain risks that proximately caused or contributed to his own injuries and damages.

## SEVENTH DEFENSE

Home Depot avers that Plaintiff may have failed to mitigate and lessen his damages.

## EIGHTH DEFENSE

Home Depot avers that Plaintiff's injuries and damages were caused by superceding events and/or actions and or intervening causes, and that Home Depot is thus not responsible for the Plaintiff's injuries and damages.

## NINTH DEFENSE

No act or omission on the part of Home Depot caused or contributed to whatever injury or damage Plaintiff may have sustained.

## TENTH DEFENSE

The injuries alleged by the Plaintiff were caused by the actions or omissions of others, for whom this Defendant has no responsibility for or control over, and thus this Defendant cannot be liable for such actions or omissions.

## ELEVENTH DEFENSE

Home Depot denies that Plaintiff suffered the injuries and damages as alleged, or the extent of the injuries and damages as alleged in the Plaintiff's Complaint.

## TWELFTH DEFENSE

This Defendant reserves the right to state further defenses pending further investigation and discovery, and the right to amend and supplement this Answer until all discovery has been completed.

Respectfully submitted this 23rd day of June, 2015.

CHRISTIAN & SMALL, LLP

/s/ David L. Faulkner, Jr.
David L. Faulkner, Jr.
ASB-3100-R69D

505 North 20th Street
1800 Financial Center
Birmingham, AL  35203
Direct: 205.250.6604
Main: 205.795.6588
Fax: 205.328.7234
dlfaulkner@csattorneys.com

/s/ David V. Hayes
David V. Hayes
ASB-9596-D62H

**OF COUNSEL**:
Owen, Gleaton, Egan, Jones and Sweeney LLP
1180 Peachtree Street
Suite 3000
Atlanta, Georgia 30309
Phone: 404-688-2600
Fax: 404-525-4347
dhayes@og-law.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2015, I have served a copy of the above and foregoing on counsel for all parties by:

    ✓           Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to;

    ~~XXXX~~    Using the CM/ECF system which will send notifications of such to the following:

John David Lawrence, Esq.
Kenneth E. Riley, Esq.
FARRIS, RILEY & PITT, LLP
The Financial Center, Suite 1700
505 20th Street North
Birmingham, AL  35203
Phone: 205.324.1212
Fax: 205.324.1255
jlawrence@frplegal.com
kriley@frplegal.com

/s/ David L. Faulkner, Jr.
David L. Faulkner, Jr.
ASB-3100-R69D

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, AL  35203
Direct: 205.250.6604
Main: 205.795.6588
Fax: 205.328.7234
dlfaulkner@csattorneys.com